**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ROBERT STAFFORD, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No.  4:25-cv-921-JDK-JDL |
| | § | |
| TRANS UNION, LLC, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Equifax Information Services, Inc.'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Docket No. 19.  Plaintiff Robert Stafford filed this lawsuit against Defendants Equifax and Trans Union, LLC on August 22, 2025, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681g(a)(1) (FCRA).  Docket No. 1.  The case was referred to United States Magistrate Judge John D. Love.  On November 7, 2025, Equifax filed a motion to dismiss.  On November 17, 2025, Judge Love issued a Report recommending that Equifax's motion be denied.  Docket No. 25.  On December 15, 2025, Equifax filed objections to the Report.  Docket No. 28.  Plaintiff filed a response.  Docket No. 29.

The Court reviews objected-to portions of the Magistrate Judge's Report and Recommendation de novo.  *See* FED. R. CIV. P. 72; *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").  In

1

conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Equifax first objects that Judge Love was incorrect in concluding that its motion was deficient. Docket No. 28 at 3. Judge Love explained that the motion was deficient because Equifax failed to make a key argument—that omitting Plaintiff's tradelines payment history from his credit report was not misleading. The motion was also deficient because Equifax did not identify any inherent contradictions in Plaintiff's allegations. Docket No. 25 at 7–8. In response, Equifax claims it did not make these arguments because it did not have Plaintiff's relevant credit report when it filed the motion; that document was not served and was under seal. Docket No. 28 at 3. Further, Equifax argues that upon inspection of the relevant credit report, the report does not omit the payment history and tradelines identified by Plaintiff but instead indicates that there is "No Data Available." *Id*. at 4. According to Equifax, this fact contradicts Plaintiff's allegation that his payment history was "omitted."

As an initial matter, Equifax's inability to obtain the credit report does not excuse Equifax's failure to bring a meritorious motion. Equifax could and should have requested this information from Plaintiff and, if necessary, requested an extension to file its responsive pleading. Nonetheless, the information now identified in the credit report does not change the Court's determination that the motion was deficient. Notably, Equifax does not dispute that it failed to point out why the alleged

omission would not be misleading.  Docket No. 28 at 3–4.  That Equifax does so now only in its objections has no bearing on the analysis of the motion to dismiss.

Furthermore, Equifax's characterization of Plaintiff's credit report points out a relevant factual dispute over what is contained in the report, but a factual dispute cannot be resolved on the pleadings.  *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) ("[C]ourts must, as with any motion to dismiss for failure to plead a claim on which relief can be granted, accept all factual allegations in the complaint as true."); *see also Connally v. Rusk Cnty. Jail*, No. 6:16CV504, 2017 WL 3613697, at *3 (E.D. Tex. Aug. 22, 2017) ("Motions to dismiss test the sufficiency of the complaint and do not include considerations of evidentiary materials outside the pleadings." (citing *Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir. 2007)).  Accordingly, Equifax's first objection is overruled.

Second, Equifax argues that Plaintiff lacks standing to sue because his allegations of injury are conclusory and unsupported.  Docket No. 28 at 5–6.  This is simply a repeat of the arguments made in the motion to dismiss, but objections that fail to point out any specific factual or legal error in the Report are generally improper.  *Wingfield v. Garner*, No. 6:21-cv-320-JDK-KNM, 2023 WL 5835941, at *1 (E.D. Tex. Sept. 7, 2023), *aff'd*, No. 23-40547, 2025 WL 1040649 (5th Cir. Apr. 8, 2025) (holding that merely rearguing claims made in prior motion is an improper objection).  In addition, Equifax's objection is without merit.  Judge Love found that the FCRA contemplates an award of statutory damages where the violation is willful and that Plaintiff sufficiently alleged willful conduct here.  Docket No. 25 at 4–6.  Equifax does

not object to this conclusion, and the Court finds no clear error in this reasoning. Accordingly, Equifax's second objection is overruled.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Defendant's objections are without merit. Accordingly, the Court **OVERRULES** the objections (Docket No. 28) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 25) as the opinion of the District Court. Defendant Equifax's motion to dismiss (Docket No. 19) is **DENIED**. Defendant Equifax shall file an answer to the complaint within 14 days of the issuance of this order.

So **ORDERED** and **SIGNED** this **25th** day of **February, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

4