

FILED

JUN 05 2026

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ROBERT STAFFORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 4:25-cv-00921-JDK-JDL |
| TRANS UNION, LLC, and EQUIFAX | § | |
| INFORMATION SERVICES LLC, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION TO STAY DEPOSITION PENDING RESOLUTION OF HIS OMNIBUS MOTION AND TO EXPEDITE THE BRIEFING SCHEDULE**

Pursuant to Federal Rules of Civil Procedure 26(c), 26(d), and Local Rule CV-7, Plaintiff Robert Stafford respectfully moves this Court to stay his oral deposition, currently noticed by Defendant TransUnion LLC for June 24, 2026, pending a final judicial ruling on Plaintiff's concurrently filed Omnibus Motion to Compel Discovery, to Deem Requests for Admission Admitted, for a Protective Order, and for Mandatory Civil Sanctions. In the alternative, Plaintiff requests that the Court drastically expedite the response and reply deadlines for the underlying Omnibus Motion to ensure a ruling can be generated before the deposition occurs.

## I. PROCEDURAL CONTEXT & DIRECT LINK TO THE OMNIBUS MOTION

Concurrently with this filing, Plaintiff has submitted a comprehensive Omnibus Motion to Compel Discovery and for Mandatory Civil Sanctions ("Omnibus Motion"). Section V of that Omnibus Motion outlines the substantive legal and factual arguments under the "Sword and Shield" doctrine demonstrating why a deposition cannot safely or fairly proceed while Defendant actively suppresses the core relational database schemas and native Metro 2 transmission strings.

1

Plaintiff files this standalone Motion to address the critical, irreconcilable scheduling overlap created by the standard federal briefing rotation. This motion does not seek a duplicative review of the merits; rather, it requests an administrative stay or compressed briefing schedule to preserve the status quo and protect the truth-seeking purpose of these proceedings until the Court can rule on the pending Omnibus disclosures.

## II. PRELIMINARY STATEMENT & SUBVERSION OF JUDICIAL OVERSIGHT

To be absolutely clear: Plaintiff is not refusing to attend his deposition. Plaintiff is fully prepared to sit for the full duration of an oral examination under FRCP 30 and answer all questions truthfully. However, Plaintiff strongly urges the Court to manage the sequencing of discovery under FRCP 26(d) to remedy a procedural crisis manufactured entirely by defense counsel.

But for Defendant's affirmative subversion of this Court's administrative processes, this Motion would be entirely unnecessary.

The parties were under a strict judicial mandate to appear before Judge Hawthorn on Wednesday, May 27, 2026, for a court-supervised meet-and-confer to resolve all outstanding discovery disputes—which included Defendant's withheld information, improper compound objections, and these looming deposition boundaries. Defendant successfully induced the abeyance of that mandatory conference by presenting an afternoon settlement email proposal that textually affirmed Plaintiff's core terms, while surreptitiously inserting unnegotiated corporate liability shields inside an unreferenced PDF attachment.

Crucially, after Plaintiff discovered the material divergence and transmitted a formal, itemized contract rejection at 7:59 AM on May 27, defense counsel's code of conduct dictated an

2

immediate duty of candor to inform chambers that the settlement was entirely disputed. Instead, defense counsel pocketed the rejection. Because his initial cancellation request had been sent after-hours at 5:03 PM on May 26 without an immediate judicial response, counsel contacted the court clerk on the morning of May 27 to aggressively secure confirmation of the cancellation. By doing so, counsel actively misled chambers by pretending a binding "agreement in principle" still existed when he knew it was actively rejected and void. Because Defendant purposefully dismantled the court-ordered mechanism that would have resolved these disputes without motion practice, judicial economy dictates that a complete document production must precede oral examination.

## III. ARGUMENT: PROCEEDING NOW PREJUDICES THE RECORD AND SUBVERTS THE TRUTH-SEEKING PURPOSE OF FRCP 30

### A. The "Sword and Shield" Tactical Ambush

On April 23, 2026, Defendant requested an extension of time to serve its discovery responses. In the spirit of professional courtesy, Plaintiff agreed. It was Plaintiff's reasonable expectation that this courtesy would be reciprocated with a complete production of documents, allowing Plaintiff adequate time to review the material prior to being examined. Instead, Defendant served a formal Notice of Deposition (Exhibit V) while simultaneously withholding the exact backend electronic data that forms the core of this litigation (Exhibit B) specifically, unredacted CRS3 files, native Metro 2 data strings, and Automated Consumer Dispute Verification (ACDV) logs.

The primary purpose of a deposition under the Federal Rules is to ascertain facts and clarify the record. If Defendant is permitted to examine the Plaintiff for seven hours regarding complex

3

credit files and automated data transmissions while actively withholding those very source documents from the Plaintiff, the process ceases to be a truth-seeking mechanism. Instead, it becomes an engineered tactical ambush.

### B. Withholding Core Data Forces an Inaccurate, Prejudicial Record

Because Defendant has refused to produce the complete backend data, Plaintiff will be structurally unequipped to answer highly specific questions regarding the technical reporting history. If asked about specific electronic account variations from years past, Plaintiff's only accurate answer will inevitably be, "I do not know, because Defendant has refused to provide the underlying document to refresh my recollection."

Defendant transparently intends to leverage these predictable responses to build an artificial, deficient record. This record will then be weaponized to unfairly prejudice the Plaintiff at the Summary Judgment stage. This is a severe logistical disadvantage engineered entirely by Defendant's non-production. Judicial economy dictates that complete document production must precede oral examination.

### C. Defendant's Weaponization of the Meet-and-Confer Process Constitutes Undue Oppression

A stay of deposition sequencing is further required under FRCP 26(c)(1) to protect Plaintiff from continued extra-procedural oppression and harassment. Rather than utilizing the mandatory conferral process under Local Rule CV-7 to narrow discovery bottlenecks in good faith, defense counsel has systematically weaponized these sessions into offensive tools of intimidation. Specifically, during the May 20, 2026 conference, defense counsel subjected Plaintiff to a

4

hostile, unrecorded two-hour oral interrogation, badgering him for irrelevant personal records while flatly refusing to answer narrative questions regarding TransUnion's database architecture.

Furthermore, defense counsel has repeatedly used continuous threats of immediate judicial escalation via the Court's Hotline as a coercive tactical mechanism to cut off Plaintiff's legitimate discovery inquiries. Defense counsel's insistence on forcing multi-hour oral conferences while refusing to provide his legal positions in writing beforehand demonstrates that Defendant is utilizing the meet-and-confer rule not to resolve disputes, but to inflict procedural attrition upon an unrepresented consumer. Subjecting Plaintiff to a seven-hour deposition before these bad-faith boundaries are regulated by the Court will ensure the deposition degenerates into a matching campaign of harassment.

### D. Mandatory Civic Duty and Calendar Conflict

In addition to the discovery imbalance, proceeding with the current deposition track presents an unavoidable logistical conflict with Plaintiff's mandatory civic duties. Plaintiff reported for mandatory state court jury service commencing June 1, 2026 (Exhibits K and L). It is procedurally and physically impossible for an unrepresented litigant to adequately audit missing files, litigate a high-stakes Omnibus Motion, and prepare for a hostile federal deposition while simultaneously discharging a mandatory state jury assignment. Under FRCP 26(c), the Court possesses broad authority to protect a party from this exact type of undue calendar burden.

### IV. PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff Robert Stafford respectfully requests that the Court enter an Order:

1. **STAYING** the oral deposition of Plaintiff currently noticed for June 24, 2026, until at least thirty (30) days after the Court issues a final ruling on Plaintiff's pending Omnibus Motion to Compel; or

2. **IN THE ALTERNATIVE, EXPEDITING** the briefing schedule for Plaintiff's Omnibus Motion to Compel, ordering Defendant TransUnion to file its response within seven (7) days, eliminating sur-replies, and setting an immediate hearing date prior to June 24, 2026; and

3. **GRANTING** such other and further relief as the Court deems just and proper.

Dated: June 4, 2026

Respectfully submitted,

**Robert Stafford, Pro Se**

6613 Rutherford Road

Plano, Texas 75023

Telephone: (214) 499-0279

Email: Robert@aceharvest.org

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of June 2026, a true and correct copy of the foregoing document was served via electronic mail upon the following counsel of record:

Paul L. Myers

pmyers@qslwm.com

Quilling, Selander, Lownds, Winslett & Moser, P.C.

6

5801 Tennyson Parkway, Suite 440

Plano, Texas 75024

Counsel for Defendant Trans Union LLC

Jennifer R. Brooks

jrbrooks@seyfarth.com

Seyfarth Shaw LLP

2323 Ross Avenue, Suite 1660

Dallas, TX 75201

Counsel for Defendant Equifax Information Services LLC

**Robert Stafford,**

**Plaintiff Pro Se**