**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| ROBERT STAFFORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 4:25-cv-00921-JDK-JDL |
| TRANS UNION, LLC, and EQUIFAX | § | |
| INFORMATION SERVICES LLC, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**EMERGENCY MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF TRANS UNION'S MOTION TO ENFORCE
THE PARTIES' SETTLEMENT AGREEMENT AND SUPPORTING BRIEF**

Trans Union LLC ("Trans Union") hereby files its Emergency Motion to Stay Discovery Pending Resolution of Trans Union's Motion to Enforce the Parties' Settlement Agreement and Supporting Brief ("Motion to Stay"), and would respectfully show the Court as follows:

**I.      GROUNDS FOR EMERGENCY RELIEF**

On June 5, 2026, at 7:45 AM, counsel for Trans Union met and conferred with Plaintiff regarding Trans Union's Motion to Enforce the Parties' Settlement Agreement ("Motion to Enforce"), Motion to Stay, and request for attorney's fees. Plaintiff opposed all relief requested by Trans Union. However, rather than allowing the Court time to consider and decide Trans Union's Motion to Enforce, Plaintiff sought to obtain a procedural advantage by filing his own "Omnibus Motion to Compel" on June 5, 2026, at 10:08 AM, without satisfying the meet and confer requirements of Local Rule 7(h).

Under Local Rule 7(e) Trans Union's response to Plaintiff's Omnibus Motion to Compel is due on June 19, 2026. On June 12, 2026, Trans Union filed its Motion to Enforce and Plaintiff's response is due on June 26, 2026. If discovery and discovery-related motions are not stayed, the Court and Parties will be forced to expend substantial resources before the Court rules on the

1

10135812.2

dispositive Motion to Enforce. Those unnecessary costs and expenses cannot be undone and constitute imminent, irreparable harm. Proceeding under Local Rule CV-7(e) is inadequate because the current deadline for Trans Union to respond to Plaintiff's Omnibus Motion to Compel will arrive before a standard briefing schedule could reasonably be completed and Trans Union's Motion to Enforce is ruled on. Without an immediate stay, the harm described above will occur.

## II.    BACKGROUND

Plaintiff filed his Complaint on August 22, 2025, against Trans Union and Equifax Information Services, LLC asserting claims under the Fair Credit Reporting Act ("FCRA"), alleging that Trans Union omitted full account numbers in his credit file disclosure and that account information and payment history was missing. *See* ECF No. 1, at ¶ 13. Trans Union answered Plaintiff's Complaint on July 24, 2025.  ECF No. 4.

Following the Court's Scheduling Conference on April, 16, 2026, through a series of written communications, Plaintiff and Trans Union (collectively "the Parties") reached a binding agreement ("Settlement Agreement") to settle Plaintiff's claims against Trans Union on May 26, 2026. *See generally,* ECF No. 53, Trans Union's Motion to Enforce. However, despite multiple requests by Trans Union, Plaintiff has refused to sign the Settlement Agreement. To the contrary and in further breach of the Parties' Settlement agreement, Plaintiff filed a series of pleadings on June 5, 2026, including Plaintiff's Motion to Stay Deposition (ECF No. 49), Omnibus Motion to Compel Discovery (ECF No. 50), and Motion for Leave to File Under Seal (ECF No. 51).

Because the Parties entered into a binding Settlement Agreement, further discovery between Trans Union and Plaintiff is a waste of the resources of the Court and the Parties. Accordingly, Trans Union requests the Court stay discovery between Trans Union and Plaintiff, including Plaintiff's Motion to Stay Deposition (ECF No. 49), Omnibus Motion to Compel Discovery (ECF No. 50), and Motion for Leave to File Under Seal (ECF No. 51), until the Court

2

10135812.2

decides Trans Union's Motion to Enforce.  A stay will promote the interests of judicial efficiency, preserve the resources of the Court and Parties, and result in no prejudice to Mr. Stafford.

### III.    ARGUMENT AND AUTHORITIES

#### A.  Legal Standard

The Court has broad discretion and inherent power to stay or continue proceedings in a case until the resolution of questions which may dispose of the case.  *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011).  To determine whether a stay is appropriate pending a motion, district courts balance the harm produced by the delay against the possibility that the motion will be granted and entirely eliminate the need for further litigation.  *Bickford v. Boerne Indep. Sch. Dist.*, No. 5:15-CV-1146-DAE, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016).  For example, a stay may be appropriate where the disposition of a motion may preclude the need for discovery or even trial—saving time and expense—and there is no meaningful competing interest against a stay. *See Reyes v. Equifax Info. Srvs*., No. 4:21-CV-639-SDJ, 2023 WL 3681684, at *1 (E.D. Tex. Apr. 13, 2023) (granting stay of remaining pretrial deadlines where the court's pending ruling on defendant's motion for summary judgment "could obviate the need for trial, saving both parties considerable litigation expense" and the plaintiff's "allegations of prejudice stemming from the continued passage of time" did not counsel against a stay). This power includes staying the discovery and discovery-related motions while a motion to enforce a settlement agreement is pending, because continuing to engage in discovery would be wasteful if the case is ultimately resolved by enforcement of the settlement.

#### B.  Good Cause and Irreparable Harm Exist

If discovery and discovery-related motions between Trans Union and Plaintiff are not stayed, the Court and the Parties will be forced to expend substantial resources unnecessarily engaging in discovery and discovery-related motions before the Court rules on the pending Motion

10135812.2

to Enforce. This unnecessary waste of resources of the Court and the Parties cannot be undone and constitutes imminent, irreparable harm.

Trans Union recognizes the Court will need time to decide Trans Union's Motion to Enforce, and it is unlikely the Court will be able to complete its review and rule on the Motion to Enforce before discovery and discovery-related motions between Trans Union and Plaintiff become ripe. Moreover, Trans Union's Motion to Enforce is fully dispositive of the claims against Trans Union, and the resolution of it will determine whether this case will proceed at all. By granting the brief stay requested in this Motion, resources of the Court and the Parties can be conserved by focusing on the issues that are actually dispositive of the claims against Trans Union.

Further, the requested stay will ensure the Court has sufficient time to consider and rule on the Motion to Enforce, before the Parties engage in further discovery and discovery-related motions. *See Fujita,* 416 F. App'x at 402. Waiting for the pending dispositive motion to be resolved before proceeding with discovery and discovery-related motions will conserve judicial resources and spare the parties and their counsel from the related burden and expense. *See Dodd v. Glaser*, No. 4:21-cv-02216, 2024 WL 5402309, at *1 (S.D. Tex. Jan. 3, 2024) (vacating remaining pretrial deadlines "[b]ecause summary judgment has the potential to dispose of all or part of this case"); *see also, Sapp v. Mem. Hermann Healthcare Sys.*, 406 F. App'x 866, 871 (5th Cir. 2010) (affirming district court's stay order when questions of law suggest that the case may not reach a determination on the merits). Accordingly, this Court should stay discovery and discovery-related motions until it rules on the Motion to Enforce. *See Dodd*, 2024 WL 5402309, at *1 (explaining the Court "will issue new [pretrial] deadlines, if necessary, once summary judgment is complete.").

4

10135812.2

## C. A Stay Furthers Judicial Economy

Staying discovery and discovery-related motions between Trans Union and Plaintiff avoids conflicting briefing schedules and conserves the judicial resources. "The proponent of a stay bears the burden of establishing its need." *United States v. 0.2853 Acres of Land*, No. 3:16-CV-2814-S-BK, 2023 WL 11813320, at *1 (N.D. Tex. Oct. 26, 2023) (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997)). Courts consider the following factors in deciding a motion to stay: "(1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated*." Fund Texas Choice v. Deski*, No. 1:22-CV-859-RP, 2024 WL 3223685, at *2 (W.D. Tex. May 1, 2024) (citation omitted). "When exercising its discretion, the Court is 'guided by the policies of justice and efficiency.'" *Id*. (citation omitted).

Trans Unions' request is not made merely to delay these proceedings or for any improper purpose, but rather to preserve Parties' resources and to prevent wasting the Court's time. The requested stay will not cause any substantial or undue delay, nor prejudice or disadvantage Mr. Stafford. To the contrary, a stay will spare the Parties from the unnecessary time, expense, and burden associated with discovery and discovery-related motions which will be rendered moot or otherwise impacted by the Court's ruling on the Motion to Enforce. *See Reyes*, 2023 WL 3681684, at *1 (E.D. Tex. Apr. 13, 2023) (explaining stay of remaining deadlines pending ruling on defendant's motion for summary judgment "could obviate the need for trial, saving *both parties* considerable litigation expense"). In the unlikely event that Plaintiff's claims remain unresolved by the Court's ruling on the Motion to Enforce, the Parties may proceed with discovery. Accordingly, a brief stay of the discovery and discovery-related motions is entirely consistent with the Court's inherent authority and the discretion of the Court.

5

10135812.2

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Trans Union respectfully requests this Court grant stay discovery and discovery-related motions between Trans Union and Plaintiff, including Plaintiff's Motion to Stay Deposition (ECF No. 49), Omnibus Motion to Compel Discovery (ECF No. 50), and Motion for Leave to File Under Seal (ECF No. 51), until the Court decides Trans Union's Motion to Enforce.  A stay will promote the interests of judicial efficiency, preserve the resources of the Court and Parties, and result in no prejudice to Mr. Stafford.

Respectfully submitted,

*/s/ Paul L. Myers*

Paul L. Myers
Texas Bar No. 14765100
pmyers@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
Tennyson Parkway, Suite 440
Plano, Texas 75024
(214) 560-5452
Fax: (214) 871-2111
***Counsel for Trans Union LLC***

6

10135812.2

## CERTIFICATE OF CONFERENCE

A conference was held with Plaintiff pursuant to Local Rule 7(h) on June 5, 2026, the undersigned counsel conferred with Plaintiff on a Zoom videoconference regarding the merits of the foregoing Motion. Plaintiff did not agree to the relief requested in the foregoing Motion. Accordingly, the matter is submitted to the Court for determination.

*/s/ Paul Myers*
**Paul Myers**

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on the following party by email:

Robert Stafford
Robert@aceharvest.org
6613 Rutherford Rd.
Plano, TX 75063
(214) 499-0279
*Pro Se Plaintiff*

*/s/ Paul Myers*
**Paul Myers**

7

10135812.2